IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GOLDEN BEAR INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-2016-S-BH |
| | § | |
| KELLEY LAW FIRM PC, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By electronic order of reference dated February 10, 2021 (doc. 23), before the Court is *Plaintiff's Motion for Default Judgment*, filed February 9, 2021 (doc. 21). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

On July 30, 2020, the plaintiff filed this action for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, against the defendants. (*See* doc. 1.) Summonses were issued for the defendants on July 30, 2020, and the plaintiff served defendants Nuru Lateef Witherspoon and Jason Lyn Mathis (Defendants) on September 29, 2020, and October 8, 2020, respectively. (*See* docs. 3, 11, 12.) Defendants have not appeared, and the plaintiff now moves for default judgment against them. (*See* doc. 21.)

**II. ANALYSIS**

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure for seekng the entry of default judgment. *See* Fed. R. Civ. P. 55. A default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). An entry of default must be entered by the clerk when the default is established "by affidavit or otherwise." *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141;

*see also Jefferson v. Louisiana Dept. of Public Safety and Corrections*, 401 F. App'x 927, 929 (5th Cir. 2010) ("There are two steps in the default judgment process—one for the clerk, and one for the court. The first step is entry of default. If the plaintiff files a sufficient application for entry of default, "the clerk must enter the party's default."). After entry of default, a party may apply to the clerk or the court for a default judgment. *See* Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141; *Jefferson*, 401 F. App'x at 929 ("The second step is consideration of a default judgment."); *Alvarado Martinez v. Eltman Law, P.C.*, 444 F.Supp. 3d 748, 752 (N.D. Tex. 2020) ("Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion of the plaintiff.").

Here, the plaintiff moves for default judgment, but there has been no entry of default against Defendants. "Without a prior entry of default, a party has no basis to seek a default judgment." *Coleman v. FEMA*, No. 3:18-CV-3408-M-BH, 2019 WL 2124897, at *1 (N.D. Tex. Apr. 9, 2019); *see also* Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141; *Jefferson*, 401 F. App'x at 929; *Alvarado Martinez*, 444 F.Supp. 3d at 752. Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)).

Because no default has been entered in this case, entry of default judgment against Defendants is not warranted.[1]  *See Balderas v. Nguyen*, No. 3:19-CV-2826-D, 2020 WL 2495889, at *3 (N.D. Tex.

---

[1] The plaintiff's counsel initially docketed the motion as a combined request for entry of default and default judgment, which caused the Clerk to enter default. (*See* doc. 22.)  The motion does not expressly request entry of default, however, only default judgment. (*See* doc. 21.)  As noted by the Fifth Circuit, these terms are different.  *See N.Y. Life Ins.*, 84 F.3d at 141.  Because the motion did not specifically request entry of default, the Clerk's entry of default has been vacated.  (*See* doc. 22.)

May 14, 2020) (denying motion for default judgment because, among other reasons, plaintiffs did not first move for clerk's entry of default); *Steele v. Unicon Grp.*, No. 3:19-CV-1679-N-BH, 2019 WL 4919027, at *2 (N.D. Tex. Sept. 5, 2019), *adopted by* 2019 WL 4918258 (N.D. Tex. Oct. 4, 2019) (same). Accordingly, the motion for default judgment should be denied.

### III. RECOMMENDATION

The plaintiff's motion for default judgment should be **DENIED**.

**SO RECOMMENDED** on this 9th day of April, 2021.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE