IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GOLDEN BEAR INSURANCE COMPANY,** § | | |
| § | | |
| Plaintiff, § | | |
| v. § | Civil Action No. 3:20-CV-2016-S-BH | |
| § | | |
| **KELLEY LAW FIRM PC, et al.,** § | | |
| Defendant. § | Referred to U.S. Magistrate Judge | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By electronic order of reference dated April 20, 2021 (doc. 32), before the Court is *Plaintiff's Renewed Motion for Default Judgment*, filed April 20, 2021 (doc. 30). Based on the relevant filings and applicable law, the motion should be **DENIED**.

### I. BACKGROUND

On July 30, 2020, Golden Bear Insurance Company (Plaintiff) filed this action for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*, against Kelley Law Firm, PC (Kelley Law Firm), Kevin Lamar Kelley (Kelley), Nuru Lateef Witherspoon (Witherspoon), Jason Lyn Mathis (Mathis), and Michael Allen Crozier (Crozier) (collectively Defendants). (*See* doc. 1 at 1-2.)[1]

Plaintiff issued a Lawyers Professional Liability Insurance Policy (Policy) to Kelley Law Firm for claims made against it during the period between September 11, 2018 and March 10, 2020. (doc. 1 at 4-5; doc. 1-3.) The Policy provides that the entirety of a "Wrongful Act" must occur on or after the "Retroactive Date" of September 11, 2015, and before the expiration of the policy period on March 10, 2020, to be covered. (doc. 1 at 9; doc. 1-3 at 3, 18.)[2] It also provides

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] The Policy defines "Wrongful Act" as conduct constituting (1) a negligent act, error, or omission, or (2)

that Plaintiff will pay "Disciplinary Proceeding Expenses" in response to a "Disciplinary Proceeding" commenced during or after the policy period. (doc. 1 at 5, 7; doc. 1-3 at 3, 18-19.)[3] Plaintiff seeks a determination of whether it has a duty under the Policy to defend or indemnify Defendants in a lawsuit for declaratory judgment for breach of contract, legal malpractice, attorney liability to clients, vicarious liability and respondent superior, and joint enterprise liability, filed against them and Kelley | Witherspoon, LLP in the Circuit Court of Hempstead County, Arkansas (Arkansas Lawsuit) on August 2, 2019. (*See* doc. 1 at 1-4; doc. 1-2 at 2-16.)[4]  The Arkansas Lawsuit arises from a wrongful death lawsuit filed by Kelley | Witherspoon, LLP, against Pafford Medical Services, Inc. and Jonathan Barbaree, on January 13, 2014, and a second related one that concluded on August 4, 2016 (doc. 1 at 3-4; doc. 1-2 at 7-9.)[5]  Plaintiff also seeks a determination of whether it has a duty to indemnify Kelley against a grievance that the Arkansas Lawsuit plaintiff filed with the State Bar of Arkansas. (doc. 1 at 1, 4.) Plaintiff alleges that neither Witherspoon, Mathis, Kelley | Witherspoon, LLP, Kelley Witherspoon, LLP, nor Kelley & Witherspoon, LLP (1 and 2) were covered under the Policy; coverage is precluded because the entirety of the Wrongful Act did not occur on or after September 11, 2015; Kelley, Crozier, and the Kelley Law Firm had knowledge of a Wrongful Act that would lead a reasonable person to conclude a claim

---

Personal Injury that is actual or alleged "by an Insured, or by any person or organization for which an Insured is legally liable, and which results from the performance of Legal Services for others." (*See* doc. 1 at 6; doc. 1-3 at 28.)

[3] The Policy defines "Disciplinary Proceeding Expenses" as "reasonable and necessary defense attorney fees, costs, or expenses, including but not limited to expert fees actually paid by the Insured to defend an Insured in any Disciplinary Proceeding." (*See* doc. 1-3 at 25.) "Disciplinary Proceeding" is defined as "any proceeding by a regulatory or disciplinary official, governing boards, or agency to investigate the charge of professional misconduct by an Insured in the performance of Legal Services." (*See* doc. 1 at 8; doc. 1-3 at 25.)

[4] The complaint in the state court lawsuit alleges that Kelley and Witherspoon were law partners operating under various names, including Kelley | Witherspoon, LLP, Kelley Witherspoon, LLP, Kelley & Witherspoon, LLP 1, Kelley & Witherspoon, LLP 2, and The Kelley Law Firm. (*See* doc. 1-2 at 4-6.)

[5] The state court lawsuit also alleges that Crozier and Mathis were attorneys at Kelley and Witherspoon's various law firms, who represented the plaintiffs in both wrongful death lawsuits. (doc. 1-2 at 8, 10-12.)

was likely prior to the effective date of the Policy on September 11, 2018; and Plaintiff has no duty to reimburse Kelley for any Disciplinary Proceeding Expenses he incurs in response to the grievance. (*See* doc. 1 at 8-11.)

Summonses were issued for Defendants on July 30, 2020, service was effected on Kelley Law Firm and Kelley on August 7, 2020, and both answered on September 11, 2020. (*See* docs. 3-5, 8.) After unsuccessful attempts to serve Witherspoon, Plaintiff filed a motion for substituted service that was granted on September 25, 2020, and he was served on September 29, 2020. (*See* docs 9-11.) Mathis was served on October 8, 2020. (*See* doc. 12.) Plaintiff also filed a motion for substituted service on Crozier that was granted on October 21, 2020; he was served and answered on October 29, 2020, and November 20, 2020, respectively. (*See* docs. 13-16.) On February 9, 2021, Plaintiff moved for default judgment against Witherspoon and Mathis on grounds that they had not answered or filed a responsive pleading within 21 days. (*See* doc. 21.) On April 9, 2021, it was recommended that the Plaintiff's default judgment motion be denied because no default had been entered against Witherspoon and Mathis, and the recommendation was accepted on April 19, 2021. (*See* docs. 22, 27, 31.)[6]

On April 12, 2021, Plaintiff requested entry of default against Witherspoon and Mathis, and default was entered on April 13, 2021. (*See* docs 28-29.) It now again moves for default judgment against them. (*See* doc. 30.)

### III.  ANALYSIS

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. *See* Fed. R. Civ. P. 55. There is a three-

---

[6] As noted in the recommendation, **Error! Main Document Only.**counsel docketed the motion for default judgment as a combined request for entry of default and default judgment, which caused the Clerk to enter default against Witherspoon and Mathis.  (*See* doc. 22; doc. 27 at 2 n. 1.)  Because the motion did not expressly request entry of default, however, the entry of default was vacated. (*See id.*)

step process for securing a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise." *See id; N.Y. Life Ins.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

Here, because Witherspoon and Mathis have failed to plead or otherwise defend, and default has been entered against them, the first two prerequisites for a default judgment have been met. Remaining for determination is whether entry of a default judgment is appropriate.

"'Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996 (per curiam)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Only well-pleaded facts, not conclusions of law, are presumed to be true. *Id.* Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger-Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam). Entry of judgment by default is discretionary. *Smith v. Sanders*, No. 3:12-CV-4377-M, 2020 WL 3260489, at *2 (N.D. Tex. May 19, 2020), *report and recommendation adopted*, 2020 WL 3259391 (N.D. Tex. June 15, 2020) (citing *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004)).

Courts consider several factors in deciding whether to issue a default judgment. *Id.* (citing 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998)). These factors include: 1) the amount of money involved; 2) whether there are material issues of fact or issues of substantial public importance at stake; 3) whether the default is technical in nature; 4) the extent of prejudice to the plaintiff due to the delay; 5) whether the grounds for default are clearly established; 6) the harsh effect of a default judgment; 7) whether the default resulted from a good faith mistake or excusable neglect on the defendant's part; 8) whether the plaintiff's actions contributed to delay; and 9) whether the court would be obligated to set aside the default on motion by the defendant. *Id.* (citing 10A Wright, Miller, Kane & Marcus, FEDERAL PRACTICE AND PROCEDURE § 2685); *see also Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (same).

"Moreover, '[w]here one of multiple defendants is in default, as a general rule, a decree of default may be entered, but a judgment is withheld pending a decision on the merits as to the other defendants.'" *Id.* (quoting *Raleigh Cycle Co. of Am. v. Risha*, No. H-84-522, 1987 WL 11889, at *1 (S.D. Tex. May 27, 1987) (citing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872))). In *Frow*, the Supreme Court stated that:

> where a [complaint] makes a joint charge against several defendants, and one of them makes default, [a court] is simply to enter a default ... and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike–the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all.

82 U.S. (15 Wall.) at 554; *see also Falcon Ins. Co. v. Molina*, No. 3:18-CV-3297-X, 2020 WL 5250545, at *1 (N.D. Tex. Sep. 3, 2020) ("[W]hen one of multiple defendants has defaulted,

5

'judgment should generally not be entered against the defaulting defendant until the matter has been adjudicated as to all defendants[.]'") (quoting *Underwriters at Lloyds, Syndicate 4242 v. Turtle Creek Partnership, Ltd.*, No. 4:14-CV-702, 2010 WL 5583118, at *2 (S.D. Tex. Feb. 26, 2019)). Even when defendants are similarly situated but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits as a matter of sound policy. *See Lewis*, 236 F.3d at 768 (citations omitted) (internal quotation marks omitted) (viewing *Frow* broadly and holding that defaulting defendants were allowed to benefit from another defendant's summary judgment motion because it would be "'incongruous' and 'unfair' to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants"); *see also ADT LLC v. Capital Connect, Inc.*, No. 3:15-CV-2252-G, 2015 WL 11022769, at *1 (N.D. Tex. Dec. 17, 2015) (collecting cases)(noting that the rule in *Frow* applies when the liability is joint and several, but courts have consistently extended it to situations where defendants are similarly situated and where several defendants have related defenses). "It is within the court's discretion to deny entry of default judgment when other parties are litigating the merits of the action and the defense 'generally inures to the benefit of a defaulting defendant.'" *Nat'l Cas. Co. v. KT2 LLC*, No. 3:19-CV-1926-E, 2021 WL 1338221, at *2 (N.D. Tex. Apr. 8, 2021) (quoting *State Auto Prop. & Cas. Ins. Co. v. Bartlett*, No. 3:20-CV-3151-K, 2013 WL 12126271, at *2 (N.D. Tex. Sept. 20, 2013) (quoting *Lewis*, 236 F.3d at 768)).

Under the first factor, Plaintiff is not seeking monetary damages, but a declaratory judgment finding no duty to defend or indemnify the claims raised against Defendants. As for the second factor, whether the case presents a material issue of fact, Plaintiff alleges that neither Witherspoon, Mathis, Kelley | Witherspoon, LLP, Kelley Witherspoon, LLP, nor Kelley & Witherspoon, LLP (1 and 2) were covered under the Policy. Kelley, Kelley Law Firm, and Crozier

have denied the allegations that Plaintiff does not owe a duty to defend them against the claims in the Arkansas Lawsuit. Whether Kelley | Witherspoon, LLP, Kelley Witherspoon, LLP, or Kelley & Witherspoon, LLP (1 and 2) are predecessors to the Kelley Law Firm for purposes of coverage under the Policy appears to present a material issue of fact that weighs against entry of default judgment against Witherspoon and Mathis. Entry of default judgment against them could result in the "inconsistent and incongruent situation against which the *Frow* decision warns." *American S. Ins. Co. v. Buckley*, No. 1:09-CV-723, 2010 WL 5654105, at *3-5 (E.D. Tex. Dec. 28, 2010), adopted by 2011 WL 288604 (E.D. Tex. Jan. 27, 2011); *see also Lohri v. Countrywide Home Loans, Inc.,* No. 4:12-CV-568, 2013 WL 308893, at *1-2 (E.D. Tex. Jan. 25, 2013). Under the fourth factor, there appears to be little or no prejudice to Plaintiff if the motion is denied pending determination of the merits of. *See Stelax Indus., Ltd.*, 2004 WL 733844, at *11-12. Under the sixth factor, a default judgment appears prejudicial for the non-defaulting defendants. *See Na'l Liab. & Fire Ins. Co. v. Young*, No. 6:19-CV-031-H, 2020 WL 6122546, at *3 (N.D. Tex. Feb. 19, 2020) (finding that entry of a default declaratory judgment that insurance company owed no duty to defend or indemnify defaulting defendant would prejudice non-defaulting defendants who denied allegation that vehicle was not covered under policy and create a risk of inconsistent judgments); *Falcon Ins. Co. v. Borlay*, No. 3:19-CV-00470-X, 2020 WL 4201593, at *4 (N.D. Tex. July 22, 2020) (declining to enter default judgment against defaulting defendants because of a high likelihood that each defendant has a similar defense to the original complaint as the dispute originates from the same nucleus of operative facts of an insurance claim for alleged personal and property damage); *Certain Underwriters at Lloyd's London v. Gonzalez*, 1:20-CV-343-RP, 2021 WL 2470363, at *2 (W. D. Tex. Jan. 26, 2021) (Pitman, J.) (collecting cases) (finding that default judgment would prejudice the remaining non-defaulting defendants because a default judgment

against the defaulting defendants would adjudicate the same issues for declaratory judgment in an automobile insurance claim).

In view of these considerations and the strong policy favoring decisions on the merits, the motion for default judgment should be denied.[7]  See Lewis, 236 F.3d at 768; Stelax Indus., Ltd., 2004 WL 733844, at *11.

## IV.  RECOMMENDATION

The plaintiff's renewed motion for default judgment should be **DENIED**.

**SO RECOMMENDED** on this 27th day of August, 2021.

*IRMA CARRILLO RAMIREZ*
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Servs. Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

*IRMA CARRILLO RAMIREZ*
UNITED STATES MAGISTRATE JUDGE

---

[7] The remaining factors either favor Plaintiff or are neutral.

8